## James Arrington *vs.* John Larrabee & another.

If a contract by A. to erect a building on B's land be rescinded before completion, A. or those under him, may lawfully enter on the premises of B. to remove their property intended for use in said contract, doing no unnecessary damage.

If the defence to an action for such entry aver that the contract was abandoned in consequence of B's interference, it is still competent to show in defence, under such specification, that the abandonment was by mutual consent.

Trespass *quare clausum fregit.* The alleged trespass consisted in carrying away a quantity of stones from the plaintiff's close. The defence was: 1. General issue. 2. The license and authority of Messrs. Blinn and Copeland, who had a certain building contract with the plaintiff, and that the defendants had a stone work contract under said Blinn and Copeland, which was embraced in said building contract. That said building contract having been relinquished or abandoned by said Blinn and Copeland in consequence of the interference and acts of the plaintiff in the premises, the defendants, with the consent and authority of said Blinn and Copeland, removed their stones from the plaintiff's close, doing no more damage than was necessary for that purpose. In the court of common pleas the plaintiff objected that the

specification of defence, if proved, would be no justification of the alleged trespass, but the presiding judge, *Bishop,* J. ruled otherwise.

The judge, in charging the jury, stated that one of the questions upon which the jury were to pass was, whether the plaintiff and Blinn and Copeland had mutually agreed to cancel and give up their contract. The plaintiff's counsel then stated to the court that that defence had not been specified, that no evidence had been offered for that purpose, and that the plaintiff's counsel had not supposed that question in the case, and had made no argument thereon. But the judge ruled that it was competent for the jury to pass upon that question, and if they found that the contract had been thus given up, it would be a sufficient justification of the defendants, if the defendants had shown that the property taken belonged to them, and that they took it away within a reasonable and at a proper time. The verdict was for the defendants. To these rulings the plaintiff excepted.

*S. C. Bancroft,* for the plaintiff.

*W. B. Northend,* for the defendant.

BY THE COURT. 1. The specification filed sufficiently opened the defence. The substantive matter of justification for entering upon the plaintiff's land was the license given by virtue of the contract there stated, and that contract having been abandoned justifiably on the part of Blinn and Copeland, the further right on their part, or of those acting under them, to enter and remove the articles. The fact that it was shown to have been abandoned by the mutual agreement of all parties made it no less an abandonment.

2. Supposing the contract with Blinn and Copeland shown, and that it further appeared that these articles were in pursuance of that contract carried upon the land of the plaintiff, and if it be further shown that the contract for building was rescinded by the parties, then the defendants would not be trespassers in removing the articles from the premises of the plaintiff, doing no unnecessary damage. *Nettleton* v. *Sikes,* 8 Met. 34. *Exceptions overruled.*